**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LUCAS ENTERTAINMENT, INC., | § | |
| A NEW YORK CORPORATION, | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | |
| | § | |
| DOES 1-53 | § | C.A. NO.: 3:10-cv-01537-B |
| | § | |
| DEFENDANTS. | § | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY
PRIOR TO RULE 26(f) CONFERENCE**

1. INTRODUCTION

Plaintiff, a motion picture production company, filed a complaint against 53 John Doe Defendants for damages and injunctive relief for Defendants' acts of reproducing and distributing Plaintiff's film, "Kings of New York," to numerous other persons over the internet without authorization. At this time, each Doe Defendant is only known by the unique internet protocol address ("IP address") by which he or she connected to the internet to engage in the infringing activity at issue. Details of the technology used for the infringement and the manner by which the IP addresses were observed can be found in Plaintiff's Original Complaint and the accompanying Declaration of Eric Green.

Though the IP addresses of these Defendants are publicly associated with certain internet service providers by their numerical range (such as Verizon, Time Warner Cable or Comcast), the specific customers to which each individual IP address is assigned, often on a temporary basis, is known only to the service providers via their internal logs. Because such logs are only retained for a

short period of time, plaintiff seeks leave of Court to serve limited, and *expedited*, discovery on relevant, non-party internet service providers prior to a Rule 26(f) conference. This discovery is solely for the purpose of determining the identities of the Doe Defendants listed in <u>Exhibit A</u> to Plaintiff's Original Complaint and any subsequently named Does liable for infringement of the film in question, by the same means and in connection with existing Defendants, as may be uncovered through Plaintiff's ongoing investigations.

Federal district courts throughout the country have granted expedited discovery in Doe Defendant lawsuits similar to this one.[1] In the cases cited and others like them, plaintiffs have obtained the identities of persons from service providers through expedited discovery using information similar to that gathered by Plaintiff in the instant case and they have used that information as the basis for their subpoenas to the service providers. Plaintiff respectfully requests that this Court follow the well-established precedent and grant this motion for expedited discovery against those service providers listed in <u>Exhibit A</u> to Plaintiff's Complaint.

Plaintiff specifically requests permission to serve a Rule 45 subpoena on the service providers it has identified as of this date and on those it identifies in the future, to obtain the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address (data available only to the service providers that identifies the specific computer used for the infringing activity) of each Doe Defendant that it has identified to date and those it identifies in the future during the course of this litigation. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff cannot pursue its lawsuit to protect its

---

[1] Cases include *Disney Enterprises, Inc., et al. v. Does 1-18*, Case No. 05-RB-339(CBS) (D. Colo.) (Shaffer, C.); *Paramount Pictures Corporation, et al. v. Does 1-8*, Case No. 05-535 (D.N.J.) (Wolfson, F.); *Twentieth Century Fox Film Corporation, et al. v. Does 1-9*, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); *Warner Bros. Entertainment Inc., et al. v. Does 1-7*, Case No. 05 CV 0883 (S.D.N.Y.) (Cote, D.)

film from ongoing and repeated infringement.

If the Court grants this Motion, Plaintiff will serve necessary subpoenas requesting the identifying information within fifteen (15) business days. If a service provider cannot identify one or more of the Doe Defendants but does identify an intermediary provider as the entity providing internet access to such Defendants, Plaintiff will then serve a subpoena on that provider requesting the identifying information for the relevant Doe Defendants within fifteen (15) business days. In either case, these service providers will be able to notify their customers that this information is being sought, and each Defendant will have the opportunity to raise any objections before this Court prior to the return date of the subpoena. Thus, to the extent that any Defendant wishes to object, he or she will be able to do so.

Courts consider the following factors when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe Defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); see also *Rocker Mgmt. LLC v. John Does*, No. 03-MC-33 2003 WL 22149380, *1-2, (N.D. Cal. 2003) (applying *Seescandy.com* standard to identify persons who posted libelous statements on Yahoo! message board; denying request for expedited discovery where the postings in question were not libelous). Plaintiff here is able to demonstrate each one of these factors.

First, Plaintiff has sufficiently identified the Doe Defendants through the unique IP address each Doe Defendant was assigned at the time of the unauthorized distribution of the copyrighted film. See *Seescandy.com*, 185 F.R.D. at 578-80. See *Green Decl.*, ¶¶ 7-8. These Defendants gained

access to the internet through their respective service providers. Only said service providers can identify each Defendant by name through the IP address by reviewing its activity logs. See *Green Decl.* ¶ 7. Thus, Plaintiff can show that all Defendants are "real persons" whose names are known to the service provider and who can be sued in federal court.

Second, Plaintiff has specifically identified the steps taken to identify Defendants' true identities. *Id.*, ¶¶ 6-9. Plaintiff has obtained each Defendant's IP address and the date and time of the Defendant's infringing activities, has traced each IP address to specific service providers, and has made a copy of the film each Defendant unlawfully reproduced or distributed. *Id.* Therefore, Plaintiff has obtained all the information it possibly can about the Defendants without discovery from the service providers.

Third, Plaintiff has asserted a prima facie claim for direct copyright infringement in its Complaint that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that: (a) it is the copyright owner of the work in question, and (b) the Doe Defendants reproduced and/or distributed the copyrighted work without Plaintiff's authorization. See *Complaint*. These allegations state a claim for copyright infringement. See 17 U.S.C. §106(1)(3); *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (U.S. Jan. 12, 2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright."); *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014-15 (9th Cir. 2001) ("Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights. Napster users who download files containing copyrighted music violate plaintiffs' reproduction rights.").

Courts have wide discretion in discovery matters and have allowed expedited discovery when

"good cause" is shown. See *Warner Bros. Records, Inc. v. Does 1-6*, 527 F.Supp.2d 1, 2 (D.D.C. 2007); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Entertainment Tech. Corp. v. Walt Disney Imagineering*, No. Civ. A. 03-3546, 2003 WL 22519440, at 4 (E.D. Pa. 2003) (applying a reasonableness standard; "a district court should decide a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances") (quotations omitted); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (applying a good cause standard).

Good cause exists here because service providers typically retain activity logs containing the information sought for only a limited period of time before erasing the data. See *Green Decl.* ¶ 7. If that information is erased, Plaintiff will have no ability to identify the Defendants, and thus will be unable to pursue its lawsuit to protect its copyrighted work. *Id*. Where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for discovery before the Rule 26 conference exists. *Qwest Comm.*, 213 F.R.D. at 419; see also *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing discovery prior to Rule 26 conference to inspect items in defendant's possession because items might no longer be available for inspection if discovery proceeded in the normal course).

For the foregoing reasons, Plaintiff respectfully submits that the Court should grant the Motion for Leave to Take Discovery Prior to Rule 26(f) Conference and enter an Order substantially in the form of the attached Proposed Order.

                Respectfully Submitted,

                LUCAS ENTERTAINMENT, INC.

**DATED:** August 9, 2010

                s/ *E. F. Stone*
                Evan Stone
                State Bar No. 24072371
                624 W. University Dr., #386
                Denton, Texas  76201
                469-248-5238