IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS ENTERTAINMENT, INC., <br> A NEW YORK CORPORATION, <br> PLAINTIFF, <br> <br> VS. <br> <br> DOES 1-185 <br> <br> DEFENDANTS. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> <br> <br> C.A. NO.: 3:10-cv-01537-B <br> |

**PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENA
FILED BY ANONYMOUS JOHN DOE DEFENDANT #64 [Doc. 14]**

**I. FAILURE TO STATE A REASON TO QUASH UNDER THE FEDERAL RULES**

1.   Rule 45(c)(3) specifically provides a number of reasons by which a subpoena may be properly quashed or modified.  Defendant, however, has failed to give any of these reasons.  Rather than citing an enumerated reason under Rule 45, Defendant has instead leaped ahead to the substantive argument of his affirmative defense.  The merits of this defense may be valid, but they are entirely irrelevant to Defendant's Motion to Quash and do not support any statutory reason to quash under Rule 45(c)(3).  As such, Defendant's Motion to Quash should be denied and Plaintiff should be allowed the opportunity to continue discovery and obtain evidence in support of its claims.

**II. NOT TIMELY FILED**

2.   Plaintiff's subpoena was served on the non-party internet service provider, Comcast, on August 24, 2010.  See *Exhibit B* to Defendant's Motion [Doc.14-1].  For reasons unknown, Comcast failed to notify John Doe Defendant #64 of this subpoena until September 15, 2010, which

was twenty-two (22) days after Comcast received the subpoena. See *Exhibit C, Id.*. When Comcast finally did notify the Defendant, it informed the Defendant that the Defendant had an additional twenty-three (23) days to file a Motion to Quash Plaintiff's subpoena, lest Defendant's records—a mere name, address and phone number—would finally be provided to Plaintiff, a total of forty-five (45) days after the subpoena was served by Plaintiff. *Id.*

3.  Defendant indeed waited the full twenty-three (23) days suggested by Comcast to file its Motion. Despite Comcast's initial delay in notifying the Defendant, the Defendant's failure to act before the expiration of this additional twenty-three (23) days cannot be considered timely. Because of Defendant's failure to timely file its Motion to Quash as prescribed by Fed. R. Civ. P. 45(c)(3)(A), the Court should deny Defendant's Motion and allow Plaintiff to continue with discovery in an effort to resolve the dispute on its merits.

Respectfully Submitted,

s/ *E. F. Stone*
Evan Stone
State Bar No. 24072371
624 W. University Dr., #386
Denton, Texas 76201
Office: 469-248-5238
Email: lawoffice@wolfe-stone.com