IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS ENTERTAINMENT, INC. | § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-10-CV-1537-B-BD |
| DOES 1-185 | § § § | |
| Defendants. | § | |

**STANDING ORDER ON NON-DISPOSITIVE MOTIONS**

The following order governs the filing and disposition of all discovery-related motions, pleading disputes, and other non-dispositive motions in this case.

1. **Informal Resolution of Pretrial Disputes.** The court encourages the informal resolution of all contested pretrial disputes. To this end, the parties are welcome to schedule a telephone conference with the magistrate judge before any non-dispositive motions are filed. This is not an invitation to engage in *ex parte* communications or obtain advisory rulings from the court. Rather, it is an attempt to resolve relatively simple and straightforward disputes in an efficient and cost-effective manner. Some examples are: (a) motions for leave to amend pleadings within the deadline established in the pretrial scheduling order; (b) problems that arise during depositions, such as the refusal of a witness to answer questions or excessive objections by counsel; (c) disagreements over the interpretation or effect of prior court orders; (d) the extension of pretrial deadlines or other scheduling matters; and (e) emergency situations that require immediate judicial intervention. This list is not exhaustive. However, an informal telephone conference should be used only when the

parties have a legitimate disagreement over a non-substantive issue that can be resolved in a summary fashion.

2. **Pre-Motion Conference.** No motion shall be filed unless the attorneys first confer by telephone or meet face-to-face in an attempt to resolve all matters in dispute. A conference shall be held within three business days after a request is made, unless otherwise agreed to by the parties. If a conference is requested in connection with a dispute involving written discovery, the parties should focus their discussions on the *substantive* information and documents made the basis of the written discovery request. In other words, a party served with written discovery should fully answer each interrogatory or document request, subject to any objections, and affirmatively indicate whether any responsive information or documents have been withheld. A privilege log must be produced for any documents, communications, or other materials withheld from production on the grounds of attorney-client, work product, or other privilege or immunity. *See* FED. R. CIV. P. 26(b)(5). The party propounding such discovery should not persist in opposing any objections if all responsive information and documents have been provided. Any attorney who fails to comply with these guidelines or participate in a conference upon request will be subject to sanctions.

3. **Joint Status Report.** A joint status report must be attached to any contested motion. This report must contain the following information: (a) the names of all attorneys who participated in the pre-motion conference; (b) the date the conference was held and the amount of time the parties conferred; (c) the matters that were resolved by agreement; (d) the specific matters that need to be heard and determined; and (e) a detailed explanation of why agreement could not be reached as to those matters. Unless otherwise agreed to by the parties, the joint status report must be prepared within three business days of the pre-motion conference. The joint status report must be signed by all participating attorneys. Any attorney who fails to sign the report will be subject to sanctions.

The purpose of a joint status report is to enable the court to determine the respective positions of each party regarding the subject matter of a pretrial dispute in a single written submission. To this end, the parties should present all of their arguments and authorities in the body of the report. Supporting evidence and affidavits must be submitted in a separate appendix. The arguments, authorities, and evidence relied on by a party must be provided to opposing counsel before the attorneys finalize and sign the joint status report. If further briefing is desired before any unresolved matters are decided, the joint status report must indicate why the party requesting further briefing could not fully present its arguments and authorities in the report. The court, in its discretion, may allow further briefing upon request by any party.

4. **Filing and Service of Motions.** All discovery-related motions, pleading disputes, and other non-dispositive motions must be filed electronically in accordance with Miscellaneous Order 61, the CM/ECF Civil and Administrative Procedures Manual, and the CM/ECF User Guide. A hard copy of the motion and any supporting materials shall be *hand delivered* to the chambers of Judge Kaplan, 1100 Commerce Street, 16th Floor, Dallas, Texas, no later than the next business day after the motion is filed. The requirements of Local Civil Rule 7.1(d) do not apply.

5. **Responsive Pleadings.** Most non-dispositive motions will be determined on an expedited basis without a formal response based on the arguments and evidence presented in the joint status report and appendix. In some cases, the court may allow or direct the parties to file a response and reply. Typically, responsive pleadings will be allowed only if the motion involves discrete legal issues necessitating further briefing or is dependent on evidence outside the record. In the event that the court permits a written response and reply, a briefing schedule will be established by separate order.

6. **Hearings.** Most motions will be decided solely on the joint status report and any accompanying evidence. *See* N.D.Tex. LCivR 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). However, the court, in its discretion or upon the request of any party, may schedule oral argument prior to ruling on the motion.

7. **Orders.** All motions will be decided by written order. If the motion is uncontested or agreement is reached after the motion is filed, the parties will be required to submit an agreed order to the magistrate judge for approval and entry. If the motion is decided after a hearing, the parties will be required to submit an order approved as to form based on the court's ruling. Proposed orders must be submitted electronically to Kaplan_Orders@txnd.uscourts.gov. A hard copy of the proposed order must be *hand delivered* to the chambers of Judge Kaplan. *Any order submitted to the court, either electronically or in hard copy form, must be signed by all counsel of record.* Unsigned orders will not be accepted. The failure to submit a proposed order in proper form will result in the imposition of sanctions.

8. **Questions.** Any questions concerning the requirements of this order or the status of any motion may be directed to Judi Andrew, Judicial Assistant to Judge Kaplan, at (214) 753-2400. Questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

SO ORDERED.

DATED: October 15, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE